UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

C.A. NO. 4:15-CV-40106-DHH

| | |
|---|---|
| ARY L. ASSUNCAO, Individually and as Personal Representative of the ESTATE OF MARLENE MIRANDA, Plaintiff, | ) ) ) ) |
| v. | ) ) |
| LEONARD MORSE HOSPITAL and JANET MAGNANI, M.D., Defendants. | ) ) ) ) |

MEMORANDUM OF LAW OF DEFENDANT, JANET MAGNANI, M.D. IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES
====

Now comes the defendant, Janet Magnani, M.D. and submits this Memorandum of Law in support of her Motion to Compel Further Discovery Responses by the plaintiff.

I.   BACKGROUND

This civil action involves claims of medical malpractice against the defendant, Janet Magnani, M.D., as well claims for violation of the Emergency Medical Treatment and Active Labor Act against defendant, Leonard Morse Hospital. The plaintiff claims that Dr. Magnani was negligent in treating the decedent, Marlene Miranda for rib fractures and pneumothorax while Ms. Miranda was a patient at the Emergency Department at Leonard Morse Hospital on July 24, 2013. As a result, plaintiff claims Ms. Miranda suffered a wrongful death and conscious pain and suffering.

At the time of filing of the Complaint, UMass Memorial Medical Center, Inc., Jeanine Ward, M.D., John Haran, Jr., M.D., and Ulises Torres Cordero, M.D. (hereinafter "UMass defendants") were also named defendants in this action. However, shortly after filing the Complaint, in October of 2015, the plaintiff reached a settlement with these defendants. The amount of the settlement has not been disclosed.

On July 12, 2016, the defendant, Dr. Magnani served Interrogatories and a Request for Production of Documents directed to the plaintiff, Ary Assuncao. By these discovery requests, Dr. Magnani sought information related to settlement entered into by and between the plaintiff and the UMass defendants. Plaintiff responded by objecting to the disclosure of the settlement amount and Release(s) executed by the plaintiff. The relevant Interrogatory and Request, along with plaintiff's answer and response, are set forth below:

Interrogatory No. 23

If you have settled your claims against former defendants, UMass Medical Center, Dr. Haran, Dr. Cordero, and/or Dr. Ward, please set forth the date such settlement(s) was reached and all monetary amount(s) received in consideration of your release of your claims against these defendants.

The plaintiff responded as follows:

OBJECTION BY ATTORNEY: Plaintiff objects to the disclosure of the monetary amount of the settlement for the release of claims against former defendants UMass Memorial Medical Center, Dr. Haran, Dr. Cordero, and Dr. Ward. Plaintiff will disclose the amount of the settlement when judgment enters.

ANSWER NO. 23. I settled with former defendants in October of 2015.

REQUEST No. 19

Copies of all Releases executed by or on behalf of the plaintiff in connection with any settlement of claims against UMass Medical Center, Dr. Haran, Dr. Cordero, and/or Dr. Ward.

Response No. 19

Plaintiff objects to the production of any correspondence or documents which may be privileged, confidential, and/or attorney work-product. Plaintiff has received payment from former defendants in this case, however this settlement confidential. Plaintiff will disclose the amount of the settlement when a judgment enters. Plaintiff is withholding the executed release and has attached a privilege log.

Counsel for Dr. Magnani conferred with counsel for the plaintiff via telephone on September 15, 2016 in attempt to reach an agreement regarding disclosure of the settlement agreement and the production of the requested Releases. Despite discussion, an agreement could not be reached. As such, this matter is now before the Court on the Defendants, Motion to Compel further answer to Interrogatory number 23 and production of documents responsive to Request number 19.

II.   ARGUMENT

Under the Federal Rules of Civil Procedure, the scope of discovery is broad. Rule 26(b) provides, in pertinent part:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy…Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b).

"If there is some legitimate relevance to the requested information and if no cognizable privilege attaches, it ought to be discoverable…" Bennett v. LaPere, 112 F.R.D. 136, 138 (D.R.I. 1986).

It is clear that discovery related to the settlement agreement between the plaintiff and the UMass defendants is relevant to the instant litigation. First, the damages that the plaintiff may be able to collect from the remaining defendants should they prevail at trial is directly dependent on the amount paid by the UMass defendants to the plaintiff in settlement of the case against them.

The plaintiff acknowledges this, by his discovery responses, stating that the settlement amount will be disclosed should a judgment enter in his favor. However, Dr. Magnani should not be forced to wait until such a judgment enters to discover this highly relevant information. The remaining defendants should not be forced to defend this action with blinders on. The defendant cannot assess the value of this litigation and her potential exposure without knowing the amount already paid to the plaintiff in settlement of this case.

In attempting to keep secret the amount and terms of the settlement with the UMass defendants, the plaintiff has raised asserted both the confidentiality of the agreement and the attorney work product doctrine. First, courts have clearly held that the terms of a confidential settlement can be discovered where relevant to the action at hand. See <u>Atchison Casting Corp. v. Marsh, Inc.</u>, 216 F.R.D. 225, 226 (D.Mass. 2003). Where a settlement agreement from a prior lawsuit "concerns the very facts underlying the parties' dispute" and "bears directly on the damages Plaintiff seeks," discovery of the settlement agreement is appropriate. <u>Id.</u>

Plaintiff's suggestion that disclosure of the settlement amount and releases related thereto are protected as attorney work product also holds no weight. The defendant does not seek documents related to plaintiff's counsels' evaluation of the value of the case or negotiations leading up to the settlement agreement. The amount received in settlement from the UMass defendants can hardly be deemed confidential work product. Moreover, the releases were most likely drafted by counsel for the defendants. Thus, plaintiff should not be permitted to shield them from discovery by arguing that they are privileged work product.

While in years past there have been conflicting views regarding when and to what extent a party can compel disclosure of a confidential settlement agreement, in recent years the balance of the courts considering this issue have favored liberal discovery of these agreements where

some legitimate relevance to the request exists. See Bennet, 112 F.R.D. at 138; Qulez-Velar v. Ox Bodies, Inc., 2014 WL 4385314 (D.P.R. 2014). As noted by the Quelez-Velar Court, all decisions from the First Circuit have favored the Bennett rule of liberal discovery.  Id. at *2 (referencing Atchinson Casting Corp., 216 F.R.D. at 227; Cook v. CTC Communication Corp., 2006 WL 3313838 at *3 (D.N.H. 2006); Energy North Natural Gas v. Century Indemnity Co., 200 WL 33667085 at *1 (D.N.H. 2000)).

In addition to the clear relevance in assessing the value of the case and potential exposure of Dr. Magnani, discovery of the releases may reveal a potential bias or prejudice of the parties to the settlement agreement, who will likely be called to testify at the trial of the case against the remaining defendants. Fairness should allow a non-settling party to evaluate whether a given settlement agreement potentially affects the prospective testimony of witnesses at a trial.  See Bennet, 112 F.R.D. at 139.

This is a serious medical malpractice action involving claims of wrongful death.  Dr. Magnani's ability to "evaluate the plaintiff's case against [her] depends upon an awareness of the terms and conditions of the settlement with the codefendants..." Id. at 140.  "Fairness cannot be achieved when one side is needlessly blindfolded." Id.

III.   Conclusion

For the reasons set forth above, the defendant, Janet Magnani, M.D.'s Motion to Compel should be ALLOWED and this Honorable Court should enter and ORDER directing plaintiff to further answer Interrogatory number 23 and produce documents responsive to Request for Production number 19.

Respectfully submitted,

*/s/ Kevin C. Reidy*

Kevin C. Reidy, B.B.O. No. 567760
Attorney for Defendant,
Janet Magnani, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts  02114
Tel: (617) 227-3240
*kreidy@mmmk.com*

**CERTIFICATE OF SERVICE**

I, Kevin C. Reidy, Esq. certify that the above **MEMORANDUM OF LAW OF DEFENDANT, JANET MAGNANI, M.D., IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as not registered participants.

*/s/ Kevin C. Reidy*

Kevin C. Reidy, B.B.O. No. 567760
Attorney for Defendant,
Janet Magnani, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts  02114
Tel: (617) 227-3240
*kreidy@mmmk.com*

FILED ON:  September 19, 2016